UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BENJAMIN ALBERTO LOMELI,
    *Plaintiff*,

v.

TOWN OF PROSPECT,
    *Defendant*.

No. 3:24-cv-1749 (JAM)

**ORDER TO SHOW CAUSE WHY ACTION
SHOULD NOT BE REMANDED TO STATE COURT**

    The plaintiff in this action filed a state court lawsuit alleging that the town where he lives has defamed him and violated his civil rights. The town in turn has removed the action from state court to this Court. But for the reasons set forth below, it does not appear that there has been a proper showing that this Court has federal jurisdiction over any of the plaintiff's claims. Accordingly, the Court intends to remand this action to state court unless the Town wishes to file an objection or response to this order to show cause that sets forth a proper basis for the Court's exercise of jurisdiction.

### BACKGROUND

    By means of a summons and complaint dated October 7, 2024, plaintiff Benjamin Alberto Lomeli filed a *pro se* complaint against the defendant Town of Prospect in Connecticut state court.[1] Although the complaint is less than a model of clarity, I understand it to allege the following basic facts as grounds for relief.

    The town has an anti-blight commission that conducted a meeting on or about September 5, 2024, and that posted minutes of this meeting on the Town's website. The minutes stated that

---

[1] Doc. #1-1.

1

Lomeli "has previously discharged a firearm and shot at a raccoon" at the address of 43 Luke Street in Prospect.[2]

Count One of the complaint alleges that the Town's posting was false and libelous. Lomeli insists that the posting was libelous because it is illegal to discharge a firearm within 500 feet of an occupied building and because shooting at an animal may be viewed as animal cruelty.[3]

The complaint also includes a scattering of additional factual allegations under its heading for Count One. It alleges that Lomeli is "of Hispanic origin, a 100% disabled-veteran, and a member of the Satanic Temple."[4] It further alleges that the Town's posting named only him as "the one[] committing the crimes of [i]llegal firearm discharge and [a]nimal [c]ruelty," but without naming another property owner named Tiffany Lomeli.[5] And it alleges that Lomeli has previously made multiple calls to the Town's police department because of stalking, vandalism, stolen mail, and letters from the community that curse and disparage Lomeli.[6] According to Lomeli, he "has had to increase VA therapy and VA medication for the increase to Paranoia and PTSD" and also "has had to increase Security infrastructure" at the property.[7]

Count Two of the complaint alleges that the Town "violated the Plaintiffs [sic] civil rights by referencing the false statements as solely the doing of the Plaintiff and not both Property Owners."[8] Lomeli further alleges that "[m]ultiple neighbors have verbally accosted" him for "his Mexican heritage stating 'I thought his people were good at cutting grass.'"[9] Lomeli also alleges

---

[2] Doc. #1-1 at 3 (¶ 2).
[3] *Ibid.* (¶ 3a-3b).
[4] *Ibid.* (¶ 5a).
[5] *Ibid.* (¶ 5).
[6] *Ibid.* (¶ 6).
[7] *Ibid.* (¶¶ 7-8).
[8] *Id.* at 4 (¶ 1).
[9] *Ibid.* (¶ 2).

that the blight commission acted against him because the grass was too long and despite Lomeli's contention that the grass qualified for an "ornamental" exception to the height limits for grass.[10]

On November 4, 2024, the Town filed a notice to remove this action from state court to this Court.[11] According to the Town, "the Complaint brings claims of civil rights violations of failure to protect against libelous publications and making false defamatory statements under the First Amendment."[12]

## DISCUSSION

The general federal removal statute—28 U.S.C. § 1441—allows a state court defendant to remove an action to federal court if a federal court would have original subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The most common grounds for federal subject matter jurisdiction are so-called "federal question" jurisdiction under 28 U.S.C. § 1331 and "federal diversity jurisdiction" under 28 U.S.C. § 1332.

"A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011). Even if the parties themselves do not raise a challenge to the removal of an action to federal court, a federal court itself has an independent duty to ensure that federal jurisdiction exists. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 616-17 (2d Cir. 2019). Moreover, federal courts must construe the removal statute narrowly, resolving any doubts against removability out of regard for the rightful independence of state governments and the

---

[10] *Ibid.* (¶2a-d).
[11] Doc. #1.
[12] *Id.* at 2 (¶ 7).

authority of state courts to adjudicate disputes that plaintiffs have chosen to file in state court in the first place. *See State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023).

So far as I can tell, there are no grounds for me to conclude that the state court complaint alleges a claim that arises under federal law. For removal cases, the Supreme Court has "long held that the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).[13]

Therefore, "removal is not proper unless the complaint affirmatively alleges a federal claim." *Herskovic v. Verizon Wireless*, 2024 WL 4212191, at *1 (2d Cir. 2024) (quoting *Tong*, 83 F.4th at 132). The purpose of this requirement is to keep the plaintiff as master of his claim, such that a plaintiff may, for example, "avoid federal jurisdiction by exclusive reliance on state law." *Tong*, 83 F.4th at 132.

The problem here is that the complaint itself does not cite any federal law under the federal constitution or a federal statute. The first count of the complaint alleges a claim for libel, which is a cause of action that sounds in state law, not federal law. *See Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) ("Generally, defamation is an issue of state, not of federal constitutional, law."). The second count of the complaint alleges in vague terms a violation of "civil rights" but without any indication whether such civil rights arise under federal law or state law.

The Town's notice of removal claims that Lomeli has alleged a federal law claim under the First Amendment. But the complaint does not cite or refer to the First Amendment.

---

[13] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

4

Since filing its notice of removal, the Town has now more recently filed a motion to dismiss the complaint, but its motion to dismiss does not claim that Lomeli seeks any relief under the First Amendment.[14] Instead, the Town's motion to dismiss references other potential federal law claims that do not appear to have been alleged in the complaint in the first place. To the extent that the Town's motion to dismiss argues that the complaint fails to allege plausible grounds for relief under various provisions of the federal constitution, these arguments can be equally understood to suggest that the complaint does not even intend to cite or rely on federal law in the first place.

Nor is it obvious from any of the other allegations of the complaint that Lomeli seeks any relief under federal law. Although Lomeli points to his Mexican heritage and his religion, he does not allege facts to suggest that the Town itself—as distinct from his neighbors—has relied on any of these characteristics as grounds to mistreat him.

In addition, the Town's notice of removal cites 28 U.S.C § 1332 as the basis for federal diversity jurisdiction.[15] The federal diversity jurisdiction statute requires in relevant part that the plaintiff and defendant be "citizens of different States." 28 U.S.C § 1332(a)(1). But the Town's notice of removal alleges that both Lomeli and the Town are citizens of the State of Connecticut.[16] Therefore, it appears that removal of this action may not be based on federal diversity jurisdiction.

Ultimately, it is the Town—not Lomeli—that bears the burden to prove that there is federal jurisdiction over Lomeli's complaint. Because the Town has not done so, it appears that the case must be remanded to state court. Nevertheless, in the event that I am mistaken and that

---

[14] Doc. #18.
[15] Doc. #1 at 2 (¶ 8 second).
[16] *Ibid.* (¶¶ 5-6).

there are good faith grounds to conclude that there is federal jurisdiction, then the Town may file an objection or other response to this order to show cause on or before **November 21, 2024**. In the absence of a timely response or objection, the Court intends to remand this action.

It is so ordered.

Dated at New Haven this 13th day of November 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge